FILED IN OPEN COURT
U.S.D.C ATLANTA

NOV 1 7 2015

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

EMILY MCELWANEY

Criminal Information

No. 1:15-CR-411

THE UNITED STATES ATTORNEY CHARGES THAT:

### Count One
(Wire Fraud: 18 U.S.C. § 1343)

1.   From in or about February 2007 and continuing through in or about September 2014, in the Northern District of Georgia, the defendant, EMILY McELWANEY, did knowingly devise and intend to devise a scheme and artifice to defraud Delta Air Lines and to obtain money and property of Delta Air Lines by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice and to obtain money and property, caused to be transmitted by means of wire communication in interstate and foreign commerce, certain signs, signals, and sounds, as specified below.

2.   At all times material to the Information, McELWANEY was employed as an Executive Assistant with Delta Air Lines in Atlanta, Georgia. Among her duties, McELWANEY was responsible for assisting at least two senior Vice Presidents at the company, including managing and scheduling calendars and meetings, coordinating travel, and seeking expense reimbursements.

## Description of the Scheme

3.  As part of her employment, McELWANEY was issued a corporate American Express Travel and Entertainment credit card to be used for Delta expenses. Beginning no later than February 2007, McELWANEY began to knowingly and willfully use her Delta-issued American Express credit card to make payments for personal expenses, including restaurants, fuel, personal items and American Express gift checks, even though she was aware that these were personal expenses and not related to Delta in any way.

4. It was part of the scheme and artifice that McELWANEY would then submit her American Express bill to Delta to be paid. In order to approve the expenses, McELWANEY logged onto Delta's online expense-approval system using another individual's credentials, and approved the expenses as if they were legitimate business expenses.

5. Once the approval had been received by Delta, Delta's accounting department authorized payment from Delta to pay the American Express credit card bill on a monthly basis. Delta would not have approved the payments if it knew that the bill included personal expenses by McELWANEY, a fact that she intentionally concealed from Delta.

6.  In total, McELWANEY caused approximately $281,068.33 in unauthorized credit card charges to be incurred on her Delta-issued American Express credit card.

2

**Execution of the Scheme**

7.  On or about June 23, 2014, in the Northern District of Georgia and elsewhere, defendant EMILY McELWANEY, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain the money and property of Delta Air Lines by means of materially false and fraudulent pretenses and representations, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds: that is, defendant EMILY McELWANEY used the American Express company credit card issued to her by Delta Air Lines to purchase $276.35 worth of items from Target in Newnan, Georgia, and did thereby knowingly cause American Express to initiate an electronic interstate transfer of funds to Target. All in violation of Title 18, United States Code, Section 1343.

**Asset Forfeiture Allegation**

Upon conviction of the offense alleged in this Information, defendant EMILY McELWANEY shall forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to such violations, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), including but not limited to, a money judgment representing the amount of proceeds obtained, directly or indirectly, as a result of said offenses.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

3

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

JOHN A. HORN
 *United States Attorney*

JAMIE L. MICKELSON
*Assistant United States Attorney*
Georgia Bar No. 591094

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181